# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILMER WARD, | ) | |
| | ) | |
| Petitioner, | ) | Criminal No. 2:99-cr-00101 |
| | ) | |
| v. | ) | Judge Mark R. Hornak |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Wilmer Ward is a *pro se* prisoner litigant who is seeking credit against his federal sentence for time he spent in federal custody on a writ of habeas corpus *ad prosequendum*. He has filed a Motion to Request for a Nunc Pro Tunc Designation to that end. ECF No. 422. According to Ward, he spent approximately twenty-one (21) months in federal custody awaiting his federal sentence and has never received proper credit for that time. The Court will not reach the merits of Ward's Motion, however, because Ward failed to exhaust his administrative remedies as required by our Court of Appeals. The motion will therefore be dismissed without prejudice.

**I.     BACKGROUND**

On June 22, 1999, Ward was charged with conspiracy to distribute and possession with intent to distribute fifty (50) grams of cocaine base in violation of 21 U.S.C. § 846. ECF No. 1. On June 1, 2000, Ward entered a plea of guilty to Count One of the indictment. ECF No. 184. On February 5, 2001, Ward was sentenced as follows:

> Defendant shall pay a special assessment in the amount of $100.00 and the defendant is hereby committed to the custody of the U.S. Bureau of Prisons to be

1

> imprisoned for a term of 292 months and this term of imprisonment shall run concurrent with the undischarged State Court sentence the defendant is now serving and upon release from imprisonment the defendant shall be on supervised release for a term of 5 years with standard conditions of supervision, no fine imposed.

ECF No. 280. Between then and now, Ward has filed a number of motions seeking to reduce his sentence in one way or another with varying success. *See* ECF Nos. 281, 413, 415, and 423.

The Motion now before the Court is another such attempt: a Motion to Request for a Nunc Pro Tunc Designation. ECF No. 422.[1] Ward was in state custody when he was indicted on federal charges on June 22, 1999. As Ward explains in his Reply brief, he was placed in federal custody pursuant to a writ of habeas corpus *ad prosequendum* starting on July 6, 1999 and lasting for about 9 months. ECF No. 429, at 1; ECF No 36. He was then in federal custody pursuant to a second writ of habeas corpus *ad prosequendum* for a period of about 12 months. ECF No. 429, at 1; ECF No. 155. Thus, according to Ward, he was in federal custody prior to the imposition of his sentence for approximately twenty-one (21) months. ECF No. 429, at 1.

## II. DISCUSSION

### A. The Merits

The merits of the claim go like this. Under 18 U.S.C. § 3585(b), a defendant may, in some circumstances, receive credit for time served prior to the commencement of a sentence:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Section 3585(b) thus prevents "double-counting" by only allowing credit against a sentence to be given in cases where the credit has not already been given against

---

[1] In his Reply brief, Ward acknowledges that his Motion is cognizable under 28 U.S.C. § 2241. *See* ECF No. 429.

another sentence. This rule against "double-counting" primarily applies in cases where a defendant is facing both state and federal charges. In determining the sentence towards which the credit should be given, courts are to apply the primary custody doctrine. As our Court of Appeals has explained:

> Where a defendant faces prosecution by both state and federal authorities, the "primary custody" doctrine determines where and how the defendant will serve any resulting sentence of incarceration. The basic principle is that the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign. *See Bowman v. Wilson,* 672 F.2d 1145, 1153 (3d Cir. 1982). A sovereign can "relinquish" primary custody by releasing the defendant on bail, dismissing the charges, or granting parole. *See United States v. Cole,* 416 F.3d 894, 897 (8th Cir. 2005). We have explicitly recognized, however, that temporary transfer of a prisoner pursuant to a writ *ad prosequendum* does not constitute a relinquishment. *Rios v. Wiley,* 201 F.3d 257, 274–75 (3d Cir. 2000) (collecting cases), *superseded on other grounds, see United States v. Saintville,* 218 F.3d 246, 249 (3d Cir. 2000).

*Taccetta v. Fed. Bureau of Prisons*, No. 14-3254, 2015 WL 1611702, at *2 (3d Cir. Apr. 13, 2015).

Ward was in primary state custody when he was "loaned" to federal authorities on the writ of habeas corpus *ad prosequendum*. *See DeJesus v. Zenk*, 374 F. App'x 245, 246 (3d Cir. 2010) (quoting *Rios v. Wiley,* 201 F.3d 257, 275 (3d Cir. 2000)) ("A writ of habeas corpus *ad prosequendum* "merely 'loans' the prisoner to federal authorities."). Any time Ward served during that period would therefore be properly credited against the state sentence, not the federal sentence. There are, however, two exceptions to § 3585(b)'s rule against double-counting that have their genesis in two cases: *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). As explained by the Third Circuit:

> Those rules are now applied nationwide by way of BOP Program Statement 5880.28, which provides that a federal prisoner can receive credit from both sovereigns for a particular stretch of incarceration under a narrow set of circumstances involving the "effective full term" (EFT) of each sentence. *See* BOP Program Statement 5880.28, at 1–14 (defining an 'EFT' as the full sentence

3

> length without including any potential time credits). The *Willis* rule applies only if: (1) the state and federal sentences are concurrent; and (2) the state EFT is equal to or shorter than the federal EFT. *Id.* at 1–22 through 1–22A. The *Kayfez* rule applies only if: (1) the state and federal sentences are concurrent, (2) the state EFT is greater than the federal EFT; and (3) the state EFT, after application of qualified presentence time, is reduced to a date that is earlier than the federal EFT. *Id.* at 1–22B through 1–23A. The purpose of both rules is to address scenarios where a credit against a concurrent state sentence "would not benefit the defendant except that . . . he would be serving only one sentence instead of two concurrent ones. Crediting the disputed period against his federal sentence will correct the problem." *Kayfez,* 993 F.2d at 1290.

*Taccetta*, 2015 WL 1611702, at *3 (alterations omitted). Therefore, the Court cannot at this point rule out the possibility that Ward may conceivably be entitled to some credit against his federal sentence, particularly when Judge Lancaster, when imposing sentence, ordered that Ward's federal sentence run concurrent to his state sentence.

### B. <u>Exhaustion</u>

But the Court cannot consider the merits of the Motion at this stage. As our Court of Appeals has recognized, a prisoner bringing a claim pursuant to 28 U.S.C. § 2241 is required to exhaust administrative remedies, including Bureau of Prisons ("BOP") remedies: "Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir.1986)); *see also Tiffin v. Lewisburg*, 589 F. App'x 609, 611 (3d Cir. 2014) (citing *Moscato v. Federal Bureau of Prisons, et al.,* 98 F.3d 757, 760 (3d Cir.1996)) ("Federal prisoners are required to exhaust their administrative remedies before filing a § 2241 habeas petition."). Ward's response to this clear authority is to argue that "there is no statutory requirement, so requirement is not mandatory"; that irreparable injury would occur if his present Motion is not granted, and that he is now attempting to exhaust his administrative remedies. ECF No. 429, at 2. But the Circuit authority

is clear: Ward must first exhaust his administrative remedies, and only then may he file a § 2241 petition.

### III. CONCLUSION

For that reason, the Court will deny Ward's Motion without prejudice subject to his exhaustion of administrative remedies. An order will follow.

s/ Mark R. Hornak<br>
Mark R. Hornak<br>
United States District Judge

Dated: May 11, 2015
cc: All counsel of record
     All parties of record